J-S20035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEE BENSON | : | |
| | : | |
| Appellant | : | No. 817 WDA 2021 |

Appeal from the Judgment of Sentence Entered March 29, 2021
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000494-2020,
CP-61-CR-0000764-2018

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: OCTOBER 5, 2022**

Appellant, Robert Lee Benson, appeals *nunc pro tunc* from the judgment of sentence entered in the Venango County Court of Common Pleas, following his guilty plea to two counts of simple assault, and one count of resisting arrest.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On January 14, 2019, Appellant pled guilty at docket CP-61-0000764-2018 ("docket 764-2018") to one count of simple assault, based on a physical altercation Appellant had with his paramour ("Victim").  As part of the plea deal, the Commonwealth agreed to recommend a sentence of probation.  The court sentenced Appellant on March 12, 2019, in accordance with the plea

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1); and 5104, respectively.

deal and imposed a term of 24 months' probation. The court revoked probation on June 13, 2019, and resentenced Appellant on July 19, 2019, to 24 months' probation. The court revoked probation again on September 26, 2019, and resentenced Appellant on October 22, 2019, to 146 days to 23 months and 29 days' imprisonment. Appellant was paroled on October 25, 2019.

On February 5, 2021, Appellant pled guilty at docket No. CP-61-CR-0000494-2020 ("docket 494-2020"), to two counts of simple assault and one count of resisting arrest. Appellant's guilty plea stemmed from another incident of domestic violence with Victim, during which Appellant also struggled with police and resisted arrest. The Commonwealth agreed as part of the plea deal to recommend standard range sentences. The court deferred sentencing pending preparation of a pre-sentence investigation ("PSI") report. On February 9, 2021, the court revoked parole at docket 764-2018, based on Appellant's convictions at docket 494-2020.

Appellant proceeded to sentencing at both dockets on March 29, 2021. At sentencing, the court reviewed Appellant's prior record score and the offense gravity score for each crime. The court considered Appellant's actions at docket 494-2020 in slamming Victim against a wall and choking her, resisting arrest, and almost injuring the officers in the process. The court further had the benefit of a PSI report. The court also heard testimony from Victim. The court noted Appellant's long history of violent offenses, and that

Appellant was still on supervision for his prior assault on Victim at docket 764-2018 when he committed the crimes at docket 494-2020. Ultimately, the court abided by the terms of the plea deal at docket 494-2020, imposing standard range sentences for each crime. Specifically, the court sentenced Appellant to 1 to 2 years' imprisonment for both simple assault convictions, and 9 to 24 months' imprisonment for resisting arrest. The court imposed each sentence consecutively, for an aggregate term at docket 494-2020 of 33 to 72 months' imprisonment. The court noted that any lesser sentence would depreciate the seriousness of the offenses. At docket 764-2018, the court immediately re-paroled Appellant, noting that parole would expire at this docket on May 28, 2021.

On April 19, 2021, Appellant sought reinstatement of his post-sentence motion rights *nunc pro tunc*. The court granted relief that day, and Appellant timely filed post-sentence motions *nunc pro tunc* on April 26, 2021. The court denied relief that day. Appellant did not file a timely direct appeal but following restoration of his direct appeal rights *nunc pro tunc* on July 2, 2021, Appellant timely filed a *nunc pro tunc* notice of appeal on July 12, 2021. On July 21, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal. Appellant timely complied on July 23, 2021.

As a preliminary matter, we observe that Appellant filed a single notice of appeal listing both underlying docket numbers, in violation of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018) (holding that

common practice of filing single notice of appeal from order involving more than one docket will no longer be tolerated; such practice violates Pa.R.A.P. 341, which requires filing of separate appeals from order that resolves issues arising on more than one docket; failure to file separate appeals generally requires appellate court to quash appeal).   Recently, however, in **Commonwealth v. Young**, ___ Pa. ___, 265 A.3d 462 (2021), the Supreme Court expressly overruled the pronouncement in **Walker** that the failure to file separate notices of appeal in connection with issues arising at more than one docket necessarily requires this Court to quash the appeal.  The **Young** Court held that Pa.R.A.P. 341 "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P.] 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate." ***Id.*** at ___, 265 A.3d at 477.

Under **Young**, we could remand for Appellant to file corrected notices of appeal at each underlying docket. ***See, e.g., Interest of A.S.C.***, No. 1015 EDA 2021 (Pa.Super. filed July 20, 2022) (unpublished memorandum) (remanding under **Young** for appellant to file corrected notice of appeal at each separate trial court docket within 10 days).  ***See also*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).

Nevertheless, we decline to take such action in this case because it is clear from Appellant's argument that he is challenging only his sentence at docket 494-2020. Notwithstanding Appellant's reference to both dockets in his statement of questions presented, the crux of his argument is that the court imposed too harsh of a sentence of **imprisonment**. Here, the court imposed **no sentence of imprisonment** at docket 764-2018. Rather, the court immediately re-paroled Appellant at that docket. Indeed, the trial court opinion states:

> [I]t is not clear what, specifically, [Appellant] considers to be excessive about the sanction for his parole revocation at [docket] 764-2018, even when considered in conjunction with the sentence at [docket] 494-2020. The court took none of [Appellant's] street time, properly applied his time served to [docket] 764-2018, directed that he served the unexpired term, and re-paroled him immediately. As a result, following his sentencing at [docket] 494-2020, [Appellant] had approximately two months remaining on his sentence at [docket] 764-2018, which expired on May 28, 2021. To the extent that [Appellant] argues that the original sentence—following his second probation revocation in nine months in October of 2019—of 146 days to 24 months less a day was excessive, that is not the proper subject of this appeal. …

(Trial Court Opinion, filed 1/3/22, at 4). Under these circumstances, we consider Appellant's claims at docket 764-2018 abandoned and confine our review to Appellant's claims at docket 494-2020.

As a second preliminary matter, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159,

978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *      *      *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states that counsel reviewed the trial court record and determined that the appeal is frivolous. Counsel also served a copy of the petition to Appellant, along with a letter advising him of his right to file a response to counsel's petition as either a *pro se* litigant, or through new counsel. Further, counsel filed an *Anders* brief which explains the facts and procedural history of the case and discusses the relevant law. Counsel's brief also cites to the record and explains counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements set forth in *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf:

The sentence in this case was manifestly excessive and clearly unreasonable in that the period of incarceration he

- 7 -

received for both his revocation sentence and his sentence on the new charges was too harsh considering the aggregate amount of time he received.

(**Anders** Brief at 2).[3]

Appellant argues that a lighter imprisonment sentence could have achieved the goals of protecting the public and serving the rehabilitative needs of Appellant. Appellant asserts the court relied too heavily on Victim's remarks at sentencing. Appellant complains the court imposed consecutive sentences at the top of the standard range for each crime. Appellant concludes the sentence was excessive, the court abused its sentencing discretion, and this Court must grant relief. We disagree.

Initially, a challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal*

---

[3] Appellant has not filed a responsive brief *pro se* or with newly-retained counsel.

*denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002).

This Court has stated:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted).

Further, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. **Commonwealth v. Fullin**, 892 A.2d 843

(Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

***Commonwealth v. Walls***, 592 Pa. 557, 564-65, 926 A.2d 957, 961-62 (2007) (internal quotation marks, footnotes, and citations omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). ***See also Commonwealth***

***v. Fowler***, 893 A.2d 758 (Pa.Super. 2006) (stating where court had benefit of PSI report, we can presume it was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors).

Instantly, the trial court explained:

> [Appellant's] aggregated sentence—a minimum of just under 3 years and a maximum of 6 years—can hardly be described as extreme or grossly disproportionate under the circumstances. [Appellant] has been convicted multiple times over the course of the past two to three years in connection with violent incidents where [Appellant] injured the same victim, his paramour. The sentences here are all within the standard guideline ranges, albeit at the top of the standard range. … [Appellant] may believe his sentence to be unduly harsh, but the circumstances here fall well short of the extreme circumstances necessary to raise a substantial question.
>
> [Appellant's] argument that the court improperly weighed the victim's statement in crafting his sentence is of no avail. The court is not certain what portion of the record would support [Appellant's] claim. Regardless, a defendant's claim that a court was unduly influenced by a victim's statement does not raise a substantial question.

(Trial Court Opinion at 5) (internal citations omitted).

We agree with the court that Appellant's claims, as presented, do not raise a substantial question. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (considering appellant's challenge that court was unduly influenced by victims' statements and stating: "[A] claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question"); ***Austin, supra***.

- 11 -

Moreover, the court had the benefit of a PSI report, so the court was aware of all relevant and mitigating factors. **See Fowler, supra**. The court further noted in the sentencing order that any lesser sentence would depreciate the seriousness of the offenses. Thus, even if Appellant's claims had raised a substantial question, they would not merit relief. **See Fullin, supra**. **See also Walls, supra**. Following our independent review of the record, we agree the appeal is frivolous. **See Dempster, supra**; **Palm, supra**. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/5/2022